UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
by its Trustees SAL ALLADEEN and ED
CLEVENGER,

                              Plaintiff,                                    19-cv

                                                                           COMPLAINT

              -against-

UNIONFIELD CEMETERY of
CONGREGATION RODEPH SHOLOM,

                              Defendant.
-------------------------------------------------------------X

       Plaintiff U.S.W.U. LOCAL 74 WELFARE FUND, by its Trustees SAL ALLADEEN

and ED CLEVENGER, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of

defendant, allege the following:

## NATURE OF ACTION

    1.    This is an action arising under the Employee Retirement Income Security Act

of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Action

of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to comply with an audit of

its benefit contributions and to make any and all benefit fund contributions found due and

owing in accordance with the applicable law, trust agreements, and the collective bargaining

agreement and to compel payment of other assessments imposed by the Funds as to which

defendant is delinquent.

## JURISDICTION

    2.    Jurisdiction over this cause of action is conferred upon this Court by Sections

502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132(a) (3), (e), and (f).

1

VENUE

3.     Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29

U.S.C. §1132(e)(1), in that the Plan is administered in the Eastern District.

PARTIES

4.     At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND

("WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of

Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections

1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen and Gerald Haas are Trustees of the

WELFARE FUND and appear in their representative capacities.

5.     At all times relevant herein, the WELFARE FUND had its principal place of

business at 36-36 33rd Street, Long Island City, New York 11106.

6.     Upon information and belief, defendant UNIONFIELD CEMETERY OF

CONGREGATION RODEPH SHOLOM ("UNIONFIELD CEMETERY") was a cemetery

operating in Queens, New York, with offices located at 8211 Cypress Avenue, Ridgewood,

New York 11385.

7.     Upon information and belief, at all relevant times herein, defendant

UNIONFIELD CEMETERY was an employer in an industry affecting commerce within the

meaning of ERISA Sections (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8.     At relevant times herein, USWU Local 74 was the collective bargaining

representative of certain employees of UNIONFIELD CEMETERY, including but not

limited to gravediggers, groundskeepers, and mechanics.

9.     At all relevant times herein, Local 74 and UNIONFIELD CEMETERY were parties to collective bargaining agreements and extensions thereof establishing terms and conditions of employment of bargaining unit employees of UNIONFIELD CEMETERY.

10.     At all relevant times herein, said collective bargaining agreements and extensions thereof provided that covered employees of UNIONFIELD CEMETERY would be eligible to receive medical, hospital and related benefits from the WELFARE FUND and that UNIONFIELD CEMETERY was required to make contributions to the WELFARE FUND on behalf of covered employees in such amounts as specified in those agreements.

11.     At all relevant times herein there were in force and effect a Declaration of Trust of the WELFARE FUND and a Delinquent Contribution Collection Policy, among other documents, with which defendant was required to comply.

12.     At all relevant times herein there were in force and effect Trustee resolutions of the WELFARE FUND with which defendant was required to comply by virtue of the Declaration of Trust of the WELFARE FUND, among other documents and applicable law.

<u>COUNT I</u>

13.     Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

14.     In or about December, 2018 auditors acting on behalf of the WELFARE FUND conducted a payroll compliance audit with respect to UNIONFIELD CEMETERY'S obligation to make full and complete contributions on behalf of covered employees for the period January 1, 2016 to December 31, 2017.

15.     On or about December 28, 2018, the WELFARE FUND's auditors issued its payroll compliance review, finding that UNIONFIELD CEMETERY underpaid

contributions on behalf of covered employees for the period January 1, 2013 through December 31, 2017 in the sum of $15,711.20, inclusive of interest through November 30, 2018.

16.   Said audit and audit findings were forwarded by UNIONFIELD CEMETERY on or about January 18, 2019.

17.   UNIONFIELD CEMETERY has failed and/or refused to remit the underpayment findings despite due demand therefor.

18.   Upon information and belief, UNIONFIELD CEMETERY will not pay the underpayment findings, full interest, and ERSIA damages without being compelled to do so.

19.   UNIIONFIELD CEMETERY's failure to make full and complete contributions to the WELFARE FUND, as assessed, violates ERISA, including but not limited to Sections 502 and 515, 29 U.S.C. §§1132 and 1145.

20.   By reason of the foregoing, UNIONFIELD CEMETERY is liable to the WELFARE FUND in the amount of $15,711.20, together with additional interest from November 30, 2018 forward, liquidated damages, attorneys' fees and costs, all as provided in ERISA Section 502, 29 U.S.C. §1132.

WHEREFORE, the WELFARE FUND demands judgment against UNIONFIELD CEMETERY as follows:

(a)  awarding the WELFARE FUND the sum of $15,711.20, together with additional interest from November 30, 2018 until the payment is made;

(b)  granting the WELFARE FUND reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages of 20% per year, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g); and

(c) such other and different relief as this Court deems just and proper.

Dated:        New York, New York
              April 4, 2019

                              Yours, etc.,

                              O'DWYER & BERNSTIEN, LLP

              By:    _____
                              GARY SILVERMAN (GS9287)
                              ZACH HARKIN
                              Attorneys for Plaintiff
                              52 Duane Street, 5th Floor
                              New York, New York 10007
                              (212) 571-7100